## WILLIAM DARST v. WILLIAM G. PERFECT.

FILED NOVEMBER 8, 1894.   No. 5620.

Contract: PLEADING.   A petition which in ordinary and concise language described the contract upon which suit was brought, and in like language alleged compliance with its terms, is sufficient to sustain a judgment recovered upon the trial of issues framed without a question as to the sufficiency of the description of such contract, or of its performance.

ERROR from the district court of Douglas county.   Tried below before IRVINE, J.

*Brome, Andrews & Sheean,* for plaintiff in error.

*Edgar H. Scott, contra,* cited: *Farmer v. Gregory,* 78 Ky., 475; *Dutch v. Mead,* 36 N. Y. Super. Ct., 427; *Bacon v. Daniels,* 37 O. St., 279; *Bell v. Offutt,* 10 Bush [Ky.], 638; *Wharton v. Stoutenburgh,* 35 N. J. Eq., 266; *Blight v. Ashley,* 1 Pet. [U. S.], 15; *Brandon Mfg. Co. v. Morse,* 48 Vt., 322; *Costigan v. Mohawk & H. R. Co.,* 2 Denio [N. Y.], 609.

RYAN, C.

The defendant in error based his right of recovery in the district court of Douglas county upon a written memorandum which was set out at length in his petition.    In form this writing was a contract whereby defendant in error was employed by plaintiff in error as general manager of a cigar department in Omaha for one year from December 1, 1890, for which compensation was to be made to him at the rate of $1,500 per year.    This memorandum, however, was never signed by the plaintiff in error.    The defendant in error alleged that this failure to sign was through mere oversight and neglect, and that, nevertheless, he entered upon the performance of his duties under such contract, and received payment of part of what he earned according to the terms above set out.    Counsel for plaintiff in error, in their brief, say the only question presented arises upon the following allegations, which, in the original petition, were made just after the history of the transaction summarized as above: "That on or about the first day of April, 1891, the foregoing contract and agreement was, by mutual consent, modified and changed so that the same read in words and figures as aforesaid, with the exception that in place of reading 'the first day of December, 1890,' it read 'the first day of April, 1891,' and in the place of reading 'fifteen hundred dollars per year,' * * * it read 'twenty-five hundred dollars per year.'"    Following the language quoted, there was sufficient averments of performance of the con-

tract, as amended, to entitle the defendant in error to payment of $790, the amount for which judgment was ultimately rendered in his favor.

The contention for the plaintiff in error is that this action was brought upon an alleged written agreement, and that to recover for the breach of a written contract it was necessary that proof should be made of the existence of such a contract. By section 92 of the Code of Civil Procedure it is required that the petition shall contain a statement of "the facts constituting the cause of action, in ordinary and concise language, and without repetition." This was done in the petition which we have under consideration, except perhaps that there was a failure to state whether the modification alleged was made orally or by a writing. It is provided by section 125 of the Code of Civil Procedure that "when the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment." There was no motion for a statement of the nature indicated whereby, if it was material, the uncertainty complained of could have been corrected pursuant to a ruling of the county court. Instead of filing such a motion the plaintiff in error answered, and upon a reply being filed, a trial was had, which resulted in a judgment in favor of the defendant in error. It was then too late, by petition in error to the district court, to challenge the insufficiency of the original petition, because therein there had been given no exact description of the contract which formed defendant in error's basis of recovery. The judgment of the district court affirming the judgment of the county court was proper and is, therefore,

AFFIRMED.

IRVINE, C., having presided at the hearing in the district court, took no part in the decision in this court.